**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:04CR165-DJS |
| ) | |
| **RONALD STEVENSON,** ) | |
| ) | |
| Defendant. ) | |

### ORDER

In this closed criminal action, defendant has filed a "praecipe," an old English term for a writ, by which he seeks "a copy of the initial warrant application transcription." Pursuant to Fed.R.Crim.P. 4(a), the arrest warrant was issued by a magistrate judge because a sworn complaint established probable cause to believe that defendant had committed the offense charged, a violation of 18 U.S.C. §922(g). The docket does not reflect that a hearing was held in connection with the issuance of the warrant, and therefore does not suggest the existence (or potential for preparation) of any transcript associated with the issuance of the warrant.

To the extent plaintiff's filing might be construed as a request for a copy of the complaint and supporting affidavit, neither statutory authority nor the Court's practice requires the unlimited provision of free copies of transcripts or other court

records on demand to criminal defendants for their prospective use in formulating appeals or motions under 28 U.S.C. §2255. The Eighth Circuit, citing 28 U.S.C. §753(f), has held that "any request for a free transcript prior to the filing of a section 2255 complaint is premature." <u>United States v. Losing</u>, 601 F.2d 351, 352 (8th Cir. 1979); <u>see</u> <u>also</u> <u>Bryan Chapman v. United States</u>, 55 F.3d 390, 390-91 (8th Cir. 1995). Section 753(f) requires that transcripts be provided at government expense only upon certification by the Court that an appeal already on file is not frivolous and that a transcript is needed to decide the issues presented. The Court would apply the same rationale to the provision of free copies of other portions of the record in the criminal case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's pro se "Praecipe" [Doc. #74] is construed as a motion for a copy of the warrant application and is denied.

Dated this  2nd  day of June, 2005.

                                      /s/ Donald J. Stohr
                                      UNITED STATES DISTRICT JUDGE